[Cite as *Kavanaugh v. Collins*, 2012-Ohio-602.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97264

---

## PAUL K. KAVANAUGH, ET AL.

### PLAINTIFFS-APPELLEES

vs.

## CARL A. COLLINS, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-204875

**BEFORE:**     Boyle, P.J., Sweeney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**     February 16, 2012

**FOR APPELLANT**

Carl A. Collins, Jr., pro se
12621 Walnut Hill Drive
North Royalton, Ohio    44133


**ATTORNEYS FOR APPELLEES**

David S. Brown
Robert B. Weltman
Weltman, Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 West Lakeside Avenue
Cleveland, Ohio    44113


MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Carl Collins, appeals from the trial court's judgment granting plaintiff-appellee Kenneth Snippel's motion for the turnover of property, namely, a 2006 Chevrolet Trailblazer.   Collins contends that the trial court erroneously granted the motion without considering Collins's exempted interest in the automobile of $3,225 under R.C. 2329.66(A)(2).   We find that the trial court properly granted Snippel's motion but agree that Collins is entitled to a $3,225 exemption.   We accordingly affirm in part and remand for the trial court to include the exemption in the order.

Procedural History and Facts

{¶2}  In March 1992, Paul Kavanaugh obtained a judgment against Collins in the amount of $18,532 plus interest at the rate of 10 percent from March 3, 1992, arising from services rendered by Kavanaugh to Collins.  On June 24, 1996, Kavanaugh assigned his judgment against Collins to Snippel.  In 2003, Snippel moved to revive the judgment, which was granted by the trial court.

{¶3}  Since the granting of the motion to revive judgment, Snippel has sought to collect on the judgment.  On June 22, 2011, Snippel filed a motion for the turnover of property requesting the trial court to order Collins to turn over his 2006 Chevrolet Trailblazer pursuant to R.C. 2333.21 and that the proceeds of the sale be applied toward Snippel's judgment.  Snippel presented evidence that Collins owns the vehicle free and clear of any liens.

{¶4}  Collins opposed the motion, claiming that he was entitled to two separate exempted interests under R.C. 2329.66 and that L.C. Winkel held a lien on the vehicle. Collins, however, provided no documentation or evidence in support of this alleged lien.

{¶5}  The trial court subsequently held a hearing on the motion and ultimately granted it, ordering Collins to turn over his vehicle to be sold and the proceeds to be applied toward the judgment.

{¶6}  Collins now appeals, raising a single assignment of error.

### R.C. 2329.66(A)(2) Exemption

{¶7}  In his sole assignment of error, Collins argues that the trial court erred in

ordering the turnover of the property without first allowing the exemption under R.C. 2329.66(A)(2), which provides as follows:

> Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: * * * The person's interest, not to exceed three thousand two hundred twenty-five dollars, in one motor vehicle[.]

{¶8}   Notably, Snippel concedes that Collins is entitled to this exemption and that the first $3,225 of the sale of the vehicle shall be distributed to Collins. To the extent that Collins argues that the trial court is precluded from ordering the turnover of the vehicle, however, we disagree.   First, Collins fails to offer any legal citation in support of this proposition.   Second, we find no evidence in the record that another party holds a lien on the vehicle.   Accordingly, we sustain the first assignment of error in part and order the trial court to issue a new journal entry that includes the exemption under R.C. 2329.66(A)(2), thereby ordering Snippel to pay Collins $3,225 upon sale of the vehicle. We otherwise affirm the trial court's judgment granting Snippel's motion for the turnover of the property.

{¶9}   Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

It is ordered that appellees and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
SEAN C. GALLAGHER, J., CONCUR